Shauck, C. J.
Counsel for the defendant suggests no mode for the enforcement of an injunction, other than a" proceeding in contempt against him who violates it. He proposes as elementary and as conclusive of the present case, that only the court which makes an order may punish the contempt which is implied in its violation. He admits no exception to this proposition unless the act which is a contempt is also an offense against the state, and so punishable by a court having jurisdiction of crimes and misdemeanors. We may concede that this view is taken in cases cited, and that it might be applicable here if ’the jurisdiction of the circuit court had been- invoked by a petition in error for a reversal of the judgment of the court of common pleas for error appearing upon its record. It is, however, too remote from the question here presented to be helpful in its determination. This was not a proceeding in error requiring a new petition to be filed in the circuit court and a summons issued to secure jurisdiction of the person of the defendant in error. It was an appeal with a view to a trial de novo; the steps necessary to perfect the appeal being taken in the original suit and requiring neither further pleadings nor process. When defendant perfected its appeal by giving the required notice and bond, the case by operation of law at once passed from the jurisdiction of the common pleas into that of the circuit court. A part of the case which so passed was the perpetual injunction from which the appeal was taken. Thereafter authority to suspend, modify or enforce the injunction was exclusively in the circuit court. All this is clearly *390 expressed or implied in the provisions of Section 5235 of the Revised Statutes, defining, the effect of the appeal: “When an appeal is taken, and bond given, the judgment is thereby suspended, unless some part of the final judgment appealed from be an injunction, in which case such injunction shall not be suspended, except by order of the. circuit court or two judges thereof on reasonable notice to the adverse party. * * No action by the circuit court was required or contemplated to maintain the force of the injunction after the appeal, for the statute expressly preserved it. No such action could be taken by the court of common pleas for the case had passed from its jurisdiction. To conclude that the injunction may be violated with impunity, and thus rendered practically inoperative would be quite inconsistent with the careful provision made fors its preservation in the appellate court. Both the moral and legal effect of the punishment of contempts will be missed if it is regarded as the resentment of personal affronts offered to judges. Contempts are punished as offenses against the administration of justice, and the offense of violating a judicial order is punishable by the court which is charged with its enforcement, by whomsoever it may have been made.
Judgment reversed and cause remanded to the circuit court for further proceedings.

Reversed.

Price, Crew, Summers, Spear and Davis, JJ., concur.